# 8329

| EMILY LE SASSIER | : | NO. 8329 |
|---|---|---|
| versus | : | COURT OF APPEAL |
| WILLIAM C. FAUST | : | PARISH OF ORLEANS |

---

WM. A. BELL, JUDGE:

---

BY: WILLIAM A. BELL, JUDGE:

Plaintiff sues defendant for damages to two trunks, one wardrobe trunk and a hat trunk, and the contents of each. To her petition is annexed an itemized list of the property alleged by her to be damaged, with the valuation of each item, the total amount claimed being the sum of Five Hundred and Twenty-One Dollars and Seventy-Five Cents ($521.75.). There is no dispute as to the facts causing the damage in this case, the only conflict between the litigants being the value of the articles damaged, and the extent of the damage sustained. In argument it has been admitted by counsel for defendant, that defendant was negligent in failing to deliver the trunks and contents at the time they should have been delivered, and that if said delivery had been made, the damage resulting from the failure to deliver would never have arisen. It is therefore right and proper that plaintiff should recover such damages as are proven by the evidence.

This case was tried in the Lower Court without jury, and the full amount prayed for was allowed. At the hearing before this court, the damaged trunks and some of the contents were exhibited, and we have had an opportunity not usual in an appellate court, to examine the extent of the physical damage sustained, in so far as these items listed in the exhibit attached to the petition, have been produced. There are many items on the list which the record shows were never submitted to the Trial Court, nor to this court, and these latter items appear to be as follows:

EXHIBIT "A"

| | | |
|---|---|---|
| 1 | Satin Evening Dress | $65.00 |
| 1 | Blue Georgette Crepe Evening Dress | $85.00 |
| 1 | Silk Sweater | $30.00 |
| 1 | Wool Sweater | $15.00 |
| 2 | Woolen Mufflers | $10.00 |
| 1 | White China Silk Negligee | $45.00 |
| 1 | Box of Stationery | $ 5.00 |
| 1 | Filipino Night-Gown | $ 5.00 |

Total----------------------------$260.00

714

The damages sustained by plaintiff, and sought to be recovered in this suit occurred in October, 1920, and at the trial of this cause in April, 1921, plaintiff was asked to account for all of the articles mentioned on the list attached to her petition described as "Exhibit 'A'", to which she replied that she had kept all that she possibly could, but that the odor caused by the chemicals by which they had been damaged in a fire, rendered the articles so offensive that she could not keep them around her, and that they were probably in an out-house at her residence - but she added that she did not really know about this as a fact, and had not looked to see that they were carefully put away. She was then asked would she mind producing them. She replied "I would be delighted to do so." She stated further that she had never been able to use any of the things on the list, and that several of the articles which could not be brought into Court she had tried to have cleaned and dyed, and that they had simply fallen into shreds. A month later, in May, 1921, in response to defendant's previous call for the production of the articles above enumerated, it was explained by plaintiff, by her aunt and by her uncle, both of whom resided with her, that the goods called for could not be produced, because they had been given away after plaintiff's mother's death, which occurred in December, 1920. At this second hearing plaintiff admitted that the only things which she could produce were those which had already been exhibited at the trial, and which appear from the evidence, in items and values, to be as follows:

```
1 Hartmann Wardrobe Trunk---------$81.75
1 Hat Trunk-----------------------$35.00
1 Pair Bronze Shoes---------------$15.00
1 Green Hat-----------------------$35.00
1 Blue Satin Coat-----------------$65.00
2 White Skirts at $10 ea.---------$20.00
1 Writing Pad---------------------$10.00
 $261.75
 Plus-------------------$260.00

GRAND TOTAL----------------------$521.75
```

The articles not produced were, as stated above, given away to the Salvation Army, after the death of plaintiff's mother. When her aunt was asked by her counsel the question: "Did the plaintiff know of the maid's throwing any of the missing items away?" the answer was "Yes, sir. Her mother had just died, and of course we didn't trouble her with anything of that sort, in the distress she was in. We didn't ask, 'Do you want this old, faded dress?' and all that. They were thrown away, and carried out."

From the testimony just quoted, it is impossible for the Court to determine whether plaintiff knew at the first hearing of this case that the missing articles asked for could not be produced. The fact remains, however, that neither the Trial Court nor this Court has had the benefit of seeing or examining any of the missing articles, which should have, under all the rules of evidence, been produced, if damage to said articles was claimed to have existed, especially as the custody of said articles was willingly surrendered to plaintiff by the defendant after the alleged damage was sustained, and plaintiff undertook to receive the same without an opportunity of adjustment or examination given to defendant until the trial of the suit, and then only in the limited manner here shown. The plaintiff, having received the damaged goods, it was her duty to preserve them until the adjustment of all damages was consummated, in order that plaintiff, upon whom the burden rests in such cases as this, could have made certain the extent of the damages sustained. The evidence is positive on the part of the defendant, that no agreement was made to pay the bill, but request only was made to plaintiff by defendant that she should accept the trunks and their contents, and should send in a list which would receive defendant's attention. This request being acceded to by plaintiff cannot redound to defendant's detriment, when under every rule of evidence, he is entitled to the opportunity of inspecting and examining the goods in their damaged condition. If, through no fault of defendant's, this opportunity was ultimately lost to him,

plaintiff cannot be heard to complain when she has failed, for reasons beyond defendant's control, to make her proof certain in respect to the lost articles alleged to be damaged. For these reasons, we are not in accord with the judge of the Lower Court in allowing damages for the articles not exhibited in the trial, when called for, these articles as above shown, amounting to the sum of Two Hundred and Sixty Dollars ($260.00). To this extent, we are of the opinion that plaintiff has not proven damages, and that to this extent, same cannot be allowed.

Discussing the items exhibited at the trial of the cause, and herein listed in the second list above mentioned, we find that the extent of damages allowed in the Lower Court is not justified.

The Hartmann wardrobe trunk, valued by plaintiff at Eighty-One Dollars and Seventy-Five Cents ($81.75), and the hat trunk, valued at Thirty-Five Dollars ($35.00) appear. on close examination by us, to be damaged in the sum of $25 and $10 respectively. We arrive at this figure from the evidence of the only expert produced in this case - a trunk repairer who has been in the business for over twenty years, and who has stated that these articles could be repaired and restored to their former condition. "like new" for the total sum of $23. We do not feel justified in allowing plaintiff to reject these trunks as wholly damaged and useless, and to recover for the full value therefor as new, under prices at which they were bought a year before the damage.

The bronze (evening) shoes claimed by plaintiff, to be valued at $15, and worn "but once or twice," are shown on examination by us to have had undoubted wear, and therefore we think that damages to these shoes, if any, should not exceed the sum of $7.00.

The green hat appears to be a total loss, and the price thereof is allowed at $35.00.

717

The blue satin coat valued by plaintiff at
$65.00, shows very few, if any acid stains, but most extensive
wear around the collar and neck. This article appears from the
evidence to have been hanging in the wardrobe trunk, and that
only the bottom of the wardrobe trunk was wet, and damaged by
the chemicals used in extinguishing the fire incident to the
damage. We are satisfied, from the physical evidence of the
article, that same was anything but a new coat at the time of
the damage, and are of the opinion that the damage allowed should
not exceed the sum of $25.00

Only one of the two white skirts has been ex-
hibited, and from the one exhibited it appears that a loss of
not more than $10.00 should be allowed for both of these skirts.

The writing pad is a total loss, and its value,
at $10.00 should be allowed, thus making a total damage estab-
lished by the evidence of One Hundred and Twenty-Two Dollars,
($122.00).

Had the Trial Court seen the other articles
claimed to have been damaged, and fixed a reasonable valuation
thereon, its findings would not have been disturbed, but the
failure of plaintiff, as above shown, to produce any of the
damaged articles lost while in her custody, precludes her right
of recovery, and only such damages as have been hereinabove
enumerated can be allowed.

For the foregoing reasons, it is ordered, ad-
judged, and decreed that the judgment herein appealed from in
the sum of Five Hundred and Twenty-One Dollars and Seventy-Five
Cents ($521.75) be, and the same is hereby amended and reduced
to the sum of One Hundred and Twenty-Two Dollars ($122.00),
costs of both courts to be borne by defendant.

AMENDED, AND AS AMENDED AFFIRMED.